**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| PICTURECODE, LLC, | |
| Plaintiff, | |
| v. | Civil No.: A 10 CA 188 LY |
| DIGITAL NINJA, LLC; JUAN B. MELENDEZ III, | |
| Defendants. | |

**MOTION FOR ORDER IMMEDIATELY DEEMING DOCUMENTS PREVIOUSLY PRODUCED IN CANCELLATION PROCEEDING TO HAVE BEEN PRODUCED IN THIS ACTION OR FOR ALTERNATIVE RELIEF**

Plaintiff, PictureCode, LLC ("PictureCode"), files this Motion for Order Deeming Documents Previously Produced in Cancellation Proceeding Produced in this Action or Alternative Relief and would show the Court as follows:

1.     On March 19, 2010, PictureCode filed its Original Complaint in this action against Defendants Digital Ninja, LLC and Juan B. Melendez III ("Defendants") for trademark infringement under the Lanham Act and Texas law and for cancellation of Defendant Melendez's trademark registration No. 3,321,797 for the DIGITAL NINJA trademark.

2.     Prior to filing suit in this Court, on October 1, 2009, PictureCode filed a Petition for Cancellation in the Trademark Trial and Appeals Board ("TTAB") of the United States Patent and Trademark Office against trademark owner Melendez (the "Cancellation Proceeding"). As it does in this action, PictureCode sought in the Cancellation Proceeding to cancel Melendez's trademark registration No. 3,321,797 for the DIGITAL NINJA trademark. (Parker Decl. ¶ 2.) However, after conducting its initial discovery in the TTAB, Plaintiff became

**MOTION FOR ORDER DEEMING DOCUMENTS**
**PREVIOUSLY PRODUCED IN CANCELLATION PROCEEDING TO HAVE**
**PRODUCED IN THIS ACTION OR FOR ALTERNATIVE RELIEF**          **Page 1**

A-233444.2

aware that the TTAB would not be able to provide remedies adequate to address all of its claims against Defendants, and PictureCode filed this action.

3.     The TTAB has suspended the Cancellation Proceeding pending the outcome of this action. (Parker Decl. ¶ Ex. A.)

4.     In discovery in the Cancellation Proceeding, Defendants and PictureCode produced documents to one another under a TTAB standard protective order. (Parker Decl. ¶ 3, Ex. B.) The TTAB standard protective order applied to the proceedings by default pursuant to federal regulation, and was never an agreement between the parties. (*Id.*; 37 C.F.R. § 2.116(g).) Paragraph 11 of the TTAB standard protective order appears to allow use of information disclosed thereunder "only to facilitate the prosecution or defense of" the Cancellation Proceeding. (Parker Decl. Ex. B.) Certainly the standard protective order does not explicitly address filing documents marked "CONFIDENTIAL" in proceedings such as this court proceeding. (*Id.* ¶ 11)

5.     Out of an abundance of caution, PictureCode sought an amendment of the protective order from the TTAB in anticipation of filing certain documents with this Court that Defendant Melendez produced in the Cancellation Proceeding. But the TTAB has suspended the Cancellation Proceeding in light of the presence of this action and simultaneously refused to amend its standard protective order. The TTAB has explicitly stated that PictureCode should either obtain modification of the TTAB's standard protective order *from this Court* or proceed with discovery in this Court. (Parker Decl. Ex. A, page 5.)

6.     The documents that the parties exchanged in the Cancellation Proceeding were produced pursuant to Federal Rule of Civil Procedure 34, and all are properly discoverable in

**MOTION FOR ORDER DEEMING DOCUMENTS**
**PREVIOUSLY PRODUCED IN CANCELLATION PROCEEDING TO HAVE**
**PRODUCED IN THIS ACTION OR FOR ALTERNATIVE RELIEF**          **Page 2**

A-233444.2

this action. (Parker Decl. ¶ 3.) All are highly relevant to the Court's determination of the issues in this action. (*Id.*)

7. PictureCode desires to use the documents produced in the Cancellation Proceeding, which will certainly be produced in this action eventually, in support of a dispositive motion for partial summary judgment regarding cancellation of the DIGITAL NINJA mark. (Parker Decl. ¶ 4.) This motion for partial summary judgment is highly likely to narrow the issues of this case. If the Court grants the motion for partial summary judgment, as PictureCode believes it should, then the issue of cancellation is resolved. If the Court denies the motion, then the denial will establish that defendant will be entitled to a trial regarding, at least, certain factual issues surrounding cancellation. (*Id.*)

8. In order to avoid duplication of discovery effort and conserve judicial resources, PictureCode asks the Court to enter an order immediately deeming the documents produced in the Cancellation Proceeding to have been produced in this action and providing that such documents may only be shared with the parties, their outside counsel, the Court and its personnel, and that such documents shall be filed in such a manner to avoid public disclosure. In the alternative, PictureCode requests an order (a) requiring the parties to produce documents previously produced in the Cancellation Proceeding; (b) providing that a single request for production of documents (Parker Decl. Ex. C) be deemed immediately served and that Melendez be required to produce documents within three court days; or (c) expressly modifying the TTAB's standard protective order to allow filing of documents produced in the Cancellation Proceeding with this Court under seal. Although modification of another tribunal's order would normally not be appropriate, the TTAB has specifically invited this Court to modify its standard protective order as it applies to the parties. The TTAB stated that PictureCode "should seek

**MOTION FOR ORDER DEEMING DOCUMENTS
PREVIOUSLY PRODUCED IN CANCELLATION PROCEEDING TO HAVE
PRODUCED IN THIS ACTION OR FOR ALTERNATIVE RELIEF**      Page 3

A-233444.2

modification of the protective order from the federal court, which will be able to most effectively and efficiently determine whether Paragraph 11 and/or other provisions of the protective order should be modified, and if so, how." (Parker Decl. Ex. B, page 5.)

## PRAYER

WHEREFORE, PictureCode moves the Court to enter an order deeming the documents produced in the Cancellation Proceeding to have been produced in this action or, in the alternative, requiring the parties to produce documents previously produced in the Cancellation Proceeding, allowing expedited discovery requests and responses, or modifying the TTAB standard protective order, and for such other relief to which it is entitled.

Respectfully submitted,

/s/ Kenneth G. Parker
Kenneth G. Parker
Cal. Bar No. 182911
*admitted pro hac vice*
**HAYNES AND BOONE, L.L.P.**
18100 Von Karman, Suite 750
Irvine, California 92612
Telephone: (949) 202-3014
Telefax: (949) 202-3114
kenneth.parker@haynesboone.com

Adam Sencenbaugh
Texas Bar No. 24060584
**HAYNES AND BOONE, L.L.P.**
600 Congress Ave., Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8489
Telefax: (512) 867-8606
adam.sencenbaugh@haynesboone.com

**ATTORNEYS FOR PLAINTIFF
PICTURECODE, LLC**

**MOTION FOR ORDER DEEMING DOCUMENTS
PREVIOUSLY PRODUCED IN CANCELLATION PROCEEDING TO HAVE
PRODUCED IN THIS ACTION OR FOR ALTERNATIVE RELIEF**      Page 4

A-233444.2

## CERTIFICATE OF CONFERENCE

On Tuesday, April 13, 2010, the undersigned sent an e-mail message to Defendant Juan Melendez III regarding the substance of this Motion. The e-mail address to which the message was sent is an address known to a valid e-mail address and one in which the undersigned has communicated with Defendant Juan Melendez III on numerous prior occasions. It is also the e-mail address at which Mr. Melendez agreed to accept service by e-mail in the companion cancellation proceeding.

/s/ Kenneth G. Parker
Kenneth G. Parker

**MOTION FOR ORDER DEEMING DOCUMENTS**
**PREVIOUSLY PRODUCED IN CANCELLATION PROCEEDING TO HAVE**
**PRODUCED IN THIS ACTION OR FOR ALTERNATIVE RELIEF**          **Page 5**

A-233444.2

## DECLARATION OF KENNETH G. PARKER

I, Kenneth G. Parker, declare as follows:

1.     I am an attorney admitted *pro hac vice* before this Court, and am counsel for plaintiff PictureCode, LLC. I am an active member in good standing of the State Bar of California.

2.     On October 1, 2009, PictureCode filed a Petition for Cancellation in the Trademark Trial and Appeals Board ("TTAB") of the United States Patent and Trademark Office against trademark owner Melendez (the "Cancellation Proceeding"). As it does in this action, PictureCode sought in the Cancellation Proceeding to cancel Melendez's trademark registration No. 3,321,797 for the DIGITAL NINJA trademark. The TTAB has suspended the Cancellation Proceeding pending the outcome of this action. A true and correct copy of the order suspending the Cancellation Proceeding is attached hereto as Exhibit A.

3.     In discovery in the Cancellation Proceeding, Defendants and PictureCode produced documents to one another pursuant to document requests. The parties produced the documents to one another under a TTAB standard protective order. A true and correct copy of the TTAB's standard protective order is attached hereto as Exhibit B. The TTAB standard protective order applied to the proceedings by default pursuant to a federal regulation, and was never an agreement between the parties.

**MOTION FOR ORDER DEEMING DOCUMENTS**
**PREVIOUSLY PRODUCED IN CANCELLATION PROCEEDING TO HAVE**
**PRODUCED IN THIS ACTION OR FOR ALTERNATIVE RELIEF**                    **Page 6**

A-233444.2

3.      The documents that the parties exchanged in the Cancellation

Proceeding were produced pursuant to Federal Rule of Civil Procedure 34, and all

are properly discoverable in this action.  All are highly relevant to the Court's

determination of the issues raised herein. PictureCode desires to use the

documents produced in the Cancellation Proceeding.  These documents will

certainly be produced in this action eventually.

4.      PictureCode desires to use the documents Melendez produced in the

Cancellation Proceeding in support of a dispositive motion for partial summary

judgment regarding cancellation of the DIGITAL NINJA mark.  This motion for

partial summary judgment is highly likely to narrow the issues of this case.  If the

Court grants the motion for partial summary judgment, as PictureCode believes it

should, then the issue of cancellation is resolved.  If the Court denies the motion,

then the denial will establish that defendant will be entitled to a trial regarding, at

least, certain factual issues surrounding cancellation.

5.      Attached hereto as Exhibit C is a single document request seeking

production of the documents that Melendez previously produced in the

Cancellation Proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _28th_ day of April, 2010.

_____

Kenneth G. Parker

**MOTION FOR ORDER DEEMING DOCUMENTS**
**PREVIOUSLY PRODUCED IN CANCELLATION PROCEEDING TO HAVE**
**PRODUCED IN THIS ACTION OR FOR ALTERNATIVE RELIEF**          **Page 7**

A-233444.2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on the opposing party this 28th day of April, 2010 via e-mail and regular U.S. mail.

Juan B. Melendez III
2008 Grant Avenue, No. 1
Redondo Beach, California 90278

Digital Ninja, LLC
2008 Grant Avenue, No. 1
Redondo Beach, California 90278

/s/ Adam Sencenbaugh
Adam Sencenbaugh

**MOTION FOR ORDER DEEMING DOCUMENTS**
**PREVIOUSLY PRODUCED IN CANCELLATION PROCEEDING TO HAVE**
**PRODUCED IN THIS ACTION OR FOR ALTERNATIVE RELIEF**          **Page 8**

A-233444.2

# EXHIBIT A

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

MBA

Mailed: April 20, 2010

Cancellation No. 92051532

PictureCode, LLC

v.

Juan B. Melendez III

**Michael B. Adlin, Interlocutory Attorney:**

This case now comes up for consideration of

petitioner's "*ex parte* application,"[1] filed April 8, 2010,

to: (1) modify the Board's standard protective order which

governs this proceeding by operation of Trademark Rule

2.116(g); and (2) suspend this proceeding in favor of a

pending federal civil action between the parties herein

(PictureCode, LLC v. Digital Ninja, LLC and Juan B. Melendez

III, Case No. 1:10-cv-00188-LY, pending in the U.S. District

Court for the Western District of Texas)(the "Federal

Case"). The motion is fully briefed.[2] In addition, on

---

[1]     The Board does not allow or recognize *ex parte* applications.
However, opposer's application in this case is substantively no
different than a motion, and is therefore construed and ruled on
as such herein.
[2]     Respondent's "Objection," filed April 16, 2010, is
essentially a surreply and has therefore been given no
consideration. Guthy-Renker Corp. v. Boyd, 88 USPQ2d 1701, 1702
(TTAB 2008); TBMP § 502.02(b)(2d ed. rev. 2004).

April 12, 2010, respondent filed a motion to compel and a motion for summary judgment.

Background

Respondent owns a registration of DIGITAL NINJA, in standard characters, for software, video games, CDs, DVDs and related products (the "Registration").[3] In its first amended petition for cancellation in this proceeding, petitioner alleges prior use of, and ownership of pending applications for, NOISE NINJA[4] and PHOTO NINJA[5] for software, and that its application to register PHOTO NINJA has been refused under Section 2(d) based on the Registration. As grounds for cancellation, petitioner alleges fraud, non-use, abandonment and likelihood of confusion. In his answer, respondent denies the salient allegations in the first amended petition for cancellation.

In the Federal Case, petitioner herein is the plaintiff, and therein also alleges prior use of, and ownership of pending applications for, NOISE NINJA and PHOTO NINJA for software, and that its applications have been refused under Section 2(d) based on the Registration. Petitioner's claims in the Federal Case are the same as those here, i.e. fraud, non-use, abandonment and priority

---

[3]     Registration No. 3321797, issued October 23, 2007 from an application filed July 26, 2006, with DIGITAL disclaimed, based on a claimed date of first use in commerce of August 12, 2003.
[4]     Application Serial No. 77792169.
[5]     Application Serial No. 77710439.

2

and likelihood of confusion. In the Federal Case, as here, petitioner specifically requests cancellation of the Registration. Respondent's Answer in the Federal Case, if any, is not of record.

## Petitioner's Motion to Suspend

Petitioner "seeks a stay of the instant cancellation proceeding to allow all issues to be decided in the" Federal Case. Petitioner argues that "it would be a more efficient use of resources to stay this action and allow" the Federal Case to proceed.

Respondent argues that a suspension "would deny due process," but does not explain how. Respondent also argues that petitioner should have filed the Federal Case before this one, and that the Board "is better suited … to decide the validity of the Petitioner's cancellation claims and render judgment." That is, respondent claims that the federal Court "does not maintain the entire procedural history associated with these proceedings or the technological fluidity to which the TTAB provides in deciding matters of trademarks." Respondent appears to suggest that if this proceeding is suspended, "the process would begin anew" after the Federal Case terminates.[6]

---

[6] Petitioner filed a reply brief in which it essentially restates its original arguments.

3

The Board's well-settled policy is to suspend proceedings when the parties are involved in a civil action which may be dispositive of or have a bearing on the Board case. Trademark Rule 2.117(a); General Motors Corp. v. Cadillac Club Fashions Inc., 22 USPQ2d 1933, 1937 (TTAB 1992). Here, it is clear that the Federal Case may at the very least have a bearing on this one.

Indeed, in the Federal Case, as here, petitioner seeks cancellation of the Registration. In the Federal Case, as here, petitioner pleads ownership and prior use of NOISE NINJA and PHOTO NINJA, and argues that the Registration should be cancelled based on fraud, non-use, abandonment and likelihood of confusion. Essentially, petitioner's claims in the Federal Case are similar or identical to its claims in this proceeding.

Respondent's arguments against suspension are unavailing. Parties to federal actions are provided due process. While respondent's argument that petitioner should have decided to seek relief in federal court before filing its petition for cancellation here is well-taken, that does not change the fact that the Federal Case may have a bearing on this one. The Board is no better-suited to decide whether the Registration should be cancelled than the federal Court. Indeed, federal courts routinely decide whether marks should be or remain registered. Perhaps most

importantly, the Court's decision(s) on these issues may
very well be "binding upon the Board, while the decision of
the Board is not binding upon the court." TBMP § 510.02(a)
(2d ed. rev. 2004); see also, The Other Telephone Co. v.
Connecticut National Telephone Co., Inc., 181 USPQ 779
(Comr. 1974); Whopper-Burger, Inc. v. Burger King Corp., 171
USPQ 805 (TTAB 1971). Therefore, it is highly unlikely that
this proceeding will have to "begin anew" after the Federal
Case is terminated. For all of these reasons, opposer's
motion to suspend is hereby **GRANTED**.

## Motion to Modify Protective Order

Because this proceeding is now suspended pending
resolution of the Federal Case, petitioner's motion to
modify the protective order will be given no consideration.
Petitioner should seek modification of the protective order
from the federal Court, which will be able to most
effectively and efficiently determine whether Paragraph 11
and/or other provisions of the protective order should be
modified, and if so, how. See generally, Miscellaneous
Changes to Trademark Trial and Appeal Board Rules," 72 Fed.
Reg. 42242, 42250-51 (August 1, 2007).[7]

---

[7]     It appears that the Court's determination of any motion to
modify the protective order is likely to affect only the timing,
and not the substance, of the Federal Case. That is, it is
presumed that if modification is denied, petitioner will be
entitled to serve discovery requests in the Federal Case which
are similar or identical to those served in this proceeding, and

5

## Motions to Compel and for Summary Judgment

In light of the suspension, respondent's motions to compel and for summary judgment will also be given no consideration at this time. In the event this proceeding resumes, and if appropriate at that time, respondent may refile either or both motions, as necessary.

## Conclusion

Petitioner's motion to suspend is granted and the parties' remaining motions will be given no consideration. Proceedings herein are suspended pending final disposition of the Federal Case. Within twenty days after the final determination of the Federal Case, the parties shall so notify the Board and call this case up for any appropriate action. During the suspension period the Board shall be notified of any address changes for the parties or their attorneys.

\*\*\*

respondent's responses thereto will presumably be similar or identical to its responses in this case.

# EXHIBIT B

Letterhead1

# United States Patent and Trademark Office
An Agency of the Department of Commerce

Search: [ ] [go]

How do I: [ - Select an Option - ] [go]

About USPTO

Patents

- **Trademarks**

IP Law & Policy

Products & Services

Careers

Inventors

News & Notices

eBusiness/Alerts

FAQs

For Kids

- Home Page
  - » Trademarks
  - » Trademarks Process
  - » Trademark Trial and Appeal Board
  - » Standard Documents and Guidelines

**Trademarks Process**

Letterhead1

- Trademark Basics
- Search Marks
- File Forms Online
- Check Status
- View Documents
- Maintain/Renew a Registration
- View Fee Schedule
- **Trademark Trial and Appeal Board**
  - **Standard Documents and Guidelines**
- Assignments
- News & Notices

Manuals, Guides, Official Gazette

Laws & Regulations

Contact Trademarks

---

**Plaintiff** [insert name]

v.                                                          Opposition/

Cancellation No.

**Defendant** [insert name]

PROVISIONS FOR PROTECTING
CONFIDENTIALITY OF INFORMATION
REVEALED DURING BOARD PROCEEDING

Information disclosed by any party or non-party witness during this proceeding may be considered confidential, a trade secret, or commercially sensitive by a party or witness. To preserve the confidentiality of the information so disclosed, **either** the parties have agreed to be bound by the terms of this order, in its standard form or as modified by agreement, and by any additional provisions to which they may have agreed and attached to this order, **or** the Board has ordered that the parties be bound by the provisions within. As used in this order, the term "information" covers both oral testimony and documentary material.

Parties may use this standard form order as the entirety of their agreement or may use it as a template from which they may fashion a modified agreement. If the Board orders that the parties abide by the terms of this order, they may subsequently agree to modifications or additions, subject to Board approval.

Agreement of the parties is indicated by the signatures of the parties' attorney and/or the parties themselves at the conclusion of the order. Imposition of the terms by the Board is indicated by signature of a Board

Letterhead1

attorney or Administrative Trademark Judge at the conclusion of the order. If the parties have signed the order, they may have created a contract. The terms are binding from the date the parties or their attorneys sign the order, in standard form or as modified or supplemented, or from the date of imposition by a Board attorney or judge.

## TERMS OF ORDER

### 1) Classes of Protected Information.

The Rules of Practice in Trademark Cases provide that all inter partes proceeding files, as well as the involved registration and application files, are open to public inspection. The terms of this order are not to be used to undermine public access to files. When appropriate, however, a party or witness, on its own or through its attorney, may seek to protect the confidentiality of information by employing one of the following designations.

**Confidential** -Material to be shielded by the Board from public access.

**Highly Confidential** -Material to be shielded by the Board from public access and subject to agreed restrictions on access even as to the parties and/or their attorneys.

**Trade Secret/Commercially Sensitive** -Material to be shielded by the Board from public access, restricted from any access by the parties, and available for review by outside counsel for the parties and, subject to the provisions of paragraph 4 and 5, by independent experts or consultants for the parties.

### 2) Information Not to Be Designated as Protected.

Information may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document; (b) is acquired by a non-designating party or non-party witness from a third party

lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

### 3) Access to Protected Information.

The provisions of this order regarding access to protected information are subject to modification by written agreement of the parties or their attorneys, or by motion filed with and approved by the Board.

Judges, attorneys, and other employees of the Board are bound to honor the parties' designations of information as protected but are not required to sign forms acknowledging the terms and existence of this order. Court reporters, stenographers, video technicians or others who may be employed by the parties or their attorneys to perform services incidental to this proceeding will be bound only to the extent that the parties or their attorneys make it a condition of employment or obtain agreements from such individuals, in accordance with the provisions of paragraph 4.

- **Parties** are defined as including individuals, officers of corporations, partners of partnerships, and management employees of any type of business organization.

- **Attorneys** for parties are defined as including **in-house counsel** and **outside counsel** , including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction.

- **Independent experts or consultants** include individuals retained by a party for purposes related to prosecution or defense of the proceeding but who are not otherwise employees of either the party or its attorneys.

● **Non-party witnesses** include any individuals to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness.

**Parties** and their **attorneys** shall have access to information designated as **confidential** or **highly confidential** , subject to any agreed exceptions.

**Outside counsel, but not in-house counsel,** shall have access to information designated as **trade secret/commercially sensitive** .

**Independent experts or consultants** , **non-party witnesses** , and **any other individual** not otherwise specifically covered by the terms of this order may be afforded access to **confidential** or **highly confidential** information in accordance with the terms that follow in paragraph 4.

Further, **independent experts or consultants** may have access to **trade secret/commercially sensitive** information if such access is agreed to by the parties or ordered by the Board, in accordance with the terms that follow in paragraph 4 and 5.

**4) Disclosure to Any Individual.**

Prior to disclosure of protected information by any party or its attorney to any individual not already provided access to such information by the terms of this order, the individual shall be informed of the existence of this order and provided with a copy to read. The individual will then be required to certify in writing that the order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected information until the party or attorney proposing to disclose the information has received the signed certification from the individual. A form for such certification is attached to this order. The party or attorney receiving the completed form shall retain the original.

**5) Disclosure to Independent Experts or Consultants.**

In addition to meeting the requirements of paragraph 4, any party or attorney proposing to share disclosed information with an independent

Letterhead1

expert or consultant must also notify the party which designated the information as protected. Notification must be personally served or forwarded by certified mail, return receipt requested, and shall provide notice of the name, address, occupation and professional background of the expert or independent consultant.

The party or its attorney receiving the notice shall have ten (10) business days to object to disclosure to the expert or independent consultant. If objection is made, then the parties must negotiate the issue before raising the issue before the Board. If the parties are unable to settle their dispute, then it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the Board with an explanation of the need for disclosure and a report on the efforts the parties have made to settle their dispute. The party objecting to disclosure will be expected to respond with its arguments against disclosure or its objections will be deemed waived.

## 6) Responses to Written Discovery.

Responses to interrogatories under Federal Rule 33 and requests for admissions under Federal Rule 36, and which the responding party reasonably believes to contain protected information shall be prominently stamped or marked with the appropriate designation from paragraph 1. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the Board only if necessary because of the filing of protected information not in accordance with the provisions of paragraph 12.

## 7) Production of Documents.

If a party responds to requests for production under Federal Rule 34 by making copies and forwarding the copies to the inquiring party, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation from paragraph 1. If the responding party makes documents available for inspection and copying by the inquiring party, all

documents shall be considered protected during the course of inspection. After the inquiring party informs the responding party what documents are to be copied, the responding party will be responsible for prominently stamping or marking the copies with the appropriate designation from paragraph 1. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the Board only if necessary because of the filing of protected information not in accordance with the provisions of paragraph 12.

**8) Depositions.**

Protected documents produced during a discovery deposition, or offered into evidence during a testimony deposition shall be orally noted as such by the producing or offering party at the outset of any discussion of the document or information contained in the document. In addition, the documents must be prominently stamped or marked with the appropriate designation.

During discussion of any non-documentary protected information, the interested party shall make oral note of the protected nature of the information.

The transcript of any deposition and all exhibits or attachments shall be considered protected for 30 days following the date of service of the transcript by the party that took the deposition. During that 30-day period, either party may designate the portions of the transcript, and any specific exhibits or attachments, that are to be treated as protected, by electing the appropriate designation from paragraph 1. Appropriate stampings or markings should be made during this time. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

**9) Filing Notices of Reliance.**

When a party or its attorney files a notice of reliance during the party's

testimony period, the party or attorney is bound to honor designations

made by the adverse party or attorney, or non-party witness, who disclosed

the information, so as to maintain the protected status of the information.

## 10) Briefs.

When filing briefs, memoranda, or declarations in support of a motion, or

briefs at final hearing, the portions of these filings that discuss protected

information, whether information of the filing party, or any adverse party,

or any non-party witness, should be redacted. The rule of reasonableness

for redaction is discussed in paragraph 12 of this order.

## 11) Handling of Protected Information.

Disclosure of information protected under the terms of this order is intended

only to facilitate the prosecution or defense of this case. The recipient of

any protected information disclosed in accordance with the terms of this

order is obligated to maintain the confidentiality of the information and shall

exercise reasonable care in handling, storing, using or disseminating the

information.

## 12) Redaction; Filing Material With the Board.

When a party or attorney must file protected information with the Board, or

a brief that discusses such information, the protected information or portion

of the brief discussing the same should be redacted from the remainder. A

rule of reasonableness should dictate how redaction is effected.

Redaction can entail merely covering a portion of a page of material when it

is copied in anticipation of filing but can also entail the more extreme

measure of simply filing the entire page under seal as one that contains

primarily confidential material. If only a sentence or short paragraph of a

page of material is confidential, covering that material when the page is

copied would be appropriate. In contrast, if most of the material on the

page is confidential, then filing the entire page under seal would be more

reasonable, even if some small quantity of non-confidential material is then

withheld from the public record. Likewise, when a multi-page document is in issue, reasonableness would dictate that redaction of the portions or pages containing confidential material be effected when only some small number of pages contain such material. In contrast, if almost every page of the document contains some confidential material, it may be more reasonable to simply submit the entire document under seal. **Occasions when a whole document or brief must be submitted under seal should be very rare .**

Protected information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such information, shall be filed with the Board under seal. The envelopes or containers shall be prominently stamped or marked with a legend in substantially the following form:

## CONFIDENTIAL

*This envelope contains documents or information that are subject to a protective order or agreement. The confidentiality of the material is to be maintained and the envelope is not to be opened, or the contents revealed to any individual, except by order of the Board.*

## 13) Acceptance of Information; Inadvertent Disclosure.

Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information which the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

## 14) Challenges to Designations of Information as Protected.

If the parties or their attorneys disagree as to whether certain information should be protected, they are obligated to negotiate in good faith regarding the designation by the disclosing party. If the parties are unable to resolve

their differences, the party challenging the designation may make a motion before the Board seeking a determination of the status of the information.

A challenge to the designation of information as protected must be made substantially contemporaneous with the designation, or as soon as practicable after the basis for challenge is known. When a challenge is made long after a designation of information as protected, the challenging party will be expected to show why it could not have made the challenge at an earlier time.

The party designating information as protected will, when its designation is timely challenged, bear the ultimate burden of proving that the information should be protected.

## 15) Board's Jurisdiction; Handling of Materials After Termination.

The Board's jurisdiction over the parties and their attorneys ends when this proceeding is terminated. A proceeding is terminated only after a final order is entered and either all appellate proceedings have been resolved or the time for filing an appeal has passed without filing of any appeal.

The parties may agree that archival copies of evidence and briefs may be retained, subject to compliance with agreed safeguards. Otherwise, within 30 days after the final termination of this proceeding, the parties and their attorneys shall return to each disclosing party the protected information disclosed during the proceeding, and shall include any briefs, memoranda, summaries, and the like, which discuss or in any way refer to such information. In the alternative, the disclosing party or its attorney may make a written request that such materials be destroyed rather than returned.

## 16) Other Rights of the Parties and Attorneys.

This order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall the order preclude the filing of any motion with the Board for relief from a particular

provision of this order or for additional protections not provided by this order.

**By Agreement of the Following, effective:**

_____
[insert signature date]

_____
[print or type name and title of
individual signing for defendant]

_____
[print or type name and law firm of
attorney for defendant]

_____
[print or type name and title of
individual signing for plaintiff]

_____
[print or type name and law firm of
attorney for plaintiff]

**By Order of the Board, effective** _____ .

_____
[print or type name and title of Board attorney

or judge imposing order]



KEY :  =online business system  =fees  =forms  =help
 =laws/regulations  =definition (glossary)

_Is there a question about what the USPTO can or cannot do that you cannot find an answer for? Send questions about USPTO programs and services to the_ **USPTO Contact Center (UCC)** . _You can suggest USPTO webpages or_

material you would like featured on this section by E-mail to the

**webmaster@uspto.gov** . While we cannot promise to accommodate all

requests, your suggestions will be considered and may lead to other

improvements on the website.

Last Modified: undefined

- Accessibility
- Privacy Policy
- Terms of Use
- Security
- Emergencies/Security Alerts

- Federal Activities Inventory Reform (FAIR) Act
- Notification and Federal Employee Antidiscrimination and Retaliation (NoFEAR) Act
- Budget & Performance

- Freedom of Information Act (FOIA)
- Department of Commerce NoFEAR Act Report
- Regulations.gov
- STOP!Fakes.gov

- Strategy Targeting Organized Piracy (STOP!)
- Copyright & Publication Guidelines
- Department of Commerce
- USPTO Webmaster

Last Modified: 12/30/2009 6:53:02 AM

USA.gov

# EXHIBIT C

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

PICTURECODE, LLC,

     Plaintiff,

  v.

DIGITAL NINJA, LLC; JUAN B. MELENDEZ III,

     Defendants.

Civil No.: A 10 CA 188 LY

---

**PICTURECODE, LLC'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS, SET ONE**

Requesting Party:  Petitioner PictureCode, LLC

Responding Parties: Respondents Juan B. Melendez III; Digital Ninja, LLC

Set No.:    One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff PictureCode, LLC requests that Defendants Juan B. Melendez III and Digital Ninja, LLC produce the requested documents and things for inspection and provide written responses.

**REQUEST NO. 1:**

All documents Juan B. Melendez III produced in *PictureCode, LLC v. Juan B. Melendez, III*, U.S.P.T.O. T.T.A.B., Cancellation No. 92051532.

/s/ Kenneth G. Parker
Kenneth G. Parker
Cal. Bar No. 182911
*admitted pro hac vice*
**HAYNES AND BOONE, L.L.P.**
18100 Von Karman, Suite 750
Irvine, California 92612
Telephone:  (949) 202-3014
Telefax:     (949) 202-3114
kenneth.parker@haynesboone.com

Adam Sencenbaugh
Texas Bar No. 24060584
**HAYNES AND BOONE, L.L.P.**
600 Congress Ave., Suite 1300
Austin, Texas 78701
Telephone:  (512) 867-8489
Telefax:  (512) 867-8606
adam.sencenbaugh@haynesboone.com

**ATTORNEYS FOR PLAINTIFF
PICTURECODE, LLC**